**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| SARAH KELLY ODOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. A. NO. 1:26-62-KD-MU |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on the partial Motion to Dismiss filed by Defendant State Farm Mutual Automobile Insurance Company (Doc. 4), Plaintiff's response (Doc. 8), and State Farm's reply (Doc. 10). The motion to dismiss has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's partial motion to dismiss be **GRANTED**.

## I. BACKGROUND

Plaintiff Odom is pursuing a direct action against her UM/UIM insurer, State Farm, related to injuries she allegedly suffered in a car wreck caused by an underinsured motorist. State Farm's motion seeks the dismissal of Count Three of Plaintiff's First Amended Complaint (Doc. 1-2, PageID.26-27), which asserts a claim of bad faith arising out of State Farm's alleged failure to respond in a reasonable time to Plaintiff's notice of a policy limits offer made by the tortfeasor's liability insurer. Relevant to this claim of bad faith, the complaint makes the following factual allegations:

1) Plaintiff was insured under a policy of automobile insurance issued by State Farm that included uninsured/underinsured motorist coverage (Doc. 1-2, ¶5);
2) On April 18, 2024, Plaintiff was injured in a motor vehicle accident caused by the negligence of an underinsured motorist (*Id*. ¶6);
3) Geico, the insurance carrier for the tortfeasor, tendered its liability limits of $25,000 to Plaintiff on November 19, 2025 (*Id*. ¶7);
4) On November 19, 2025, Plaintiff put State Farm on notice of the tender of the $25,000 and made a written demand for UIM benefits and requested whether State Farm would allow the tortfeasor to be released via the settlement or whether State Farm would front the $25,000 to prevent the release (*Id*. ¶8);
5) The written demand of November 19, 2025, was followed up with an email on December 23, 2025, again requesting a response as to whether Plaintiff would be given consent by State Farm to settle with the tortfeasor (*Id*. ¶9);
6) Further contacts were made by Plaintiff's counsel on January 2 and January 5, 2026, again demanding State Farm provide authorization to settle (*Id*. ¶¶10, 11);
7) On January 13, 2026, Plaintiff's counsel notified State Farm that Plaintiff intended to file a bad faith claim due to State Farm's refusal to comply with its contractual and legal obligations which included a duty to respond in a reasonable period of time to the insured's notice of liability policy limits offer and a request for consent to settle (*Id*. ¶12).

Based on these factual allegations, Plaintiff brings a claim for UIM benefits against State Farm (Count I); a claim that State Farm has waived its right to object to the settlement and is estopped from objecting to the settlement by reason of its failure to act

timely to allow the settlement with the tortfeasor (Count II); and a claim that State Farm acted in bad faith "in failing to meet its obligation to respond in a reasonable time to the notice of the policy limits offer of Plaintiff's claim" and in "precluding Plaintiff from receiving funds she is entitled to receive." (Count III, Doc. 1-2, ¶¶25, 26).

## II. STANDARD OF REVIEW

Defendant submits that Plaintiff's claim of bad faith (Count III) is due to be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiff has failed to state any claims upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. A complaint is also "subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

To determine whether a claim is stated, the court "must accept the factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff." *Almanza v. United Airlines, Inc.,* 851 F.3d 1060, 1066 (11th Cir. 2017).

"However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). While the court must usually limit its review and consideration on a motion to dismiss to the complaint itself and exhibits attached thereto, a "court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010).

## III. LEGAL ANALYSIS

Policies of UM/UIM insurance contain consent-to-settle clauses, requiring the insured to obtain the insurer's consent to any settlement with the uninsured/underinsured motorist.[1] Under these consent-to-settle clauses, if the insured settles without the consent of the insurer, he breaches the terms of the policy and loses the right to obtain UIM benefits under the terms of the policy. *See Ex parte Morgan*, 13 So. 3d 385 (Ala. 2009). On the other hand, as described by the Alabama Supreme Court in *Lambert v. State Farm Mut. Auto. Ins. Co*., if the UIM insurer does not conduct its investigation within a reasonable time and either consents to the settlement or, alternatively, advances to its insured an amount equal to the tortfeasor's settlement offer, the UIM insurer thereby waives any right to subrogation against the tortfeasor or the tortfeasor's insurer and the insured can agree to the settlement without forfeiting UIM benefits. *See Lambert v. State Farm Mut. Auto. Ins. Co*., 576 So.2d 160 (Ala. 1991) (holding that that State Farm, by its

---

[1] The State Farm policy issued to Plaintiff contains such a consent-to-settle provision. (Doc. 4-1, PageID.165-66). The Court takes notice of this policy because it is central to Plaintiff's claims and its authenticity is not challenged. *See SFM Holdings, Ltd.,* 600 F.3d at 1337.

refusal to consent to the settlement or to timely advance to its insured the amount of the liability carrier's settlement offer, effectively waived its right to be subrogated and thus the plaintiffs' acceptance of the settlement did not affect their rights under State Farm's UIM policy). Alabama law accepts that absent "compelling circumstances," thirty (30) days is a reasonable time for a response by a UIM carrier. *Morgan v. Safeway Ins. Co. of Alabama*, 13 So.3d 381, 385 (Ala. Civ. App. 2007).

Here, Plaintiff's claim of bad faith is premised on Defendant's alleged intentional and/or reckless failure to "properly review, investigate, and evaluate Plaintiff's claim." (Doc. 1-2, ¶24). Plaintiff further alleges that State Farm acted in bad faith "in failing to meet its obligation to respond in a reasonable time to the notice of the policy limits offer of Plaintiff's claim" and in "precluding Plaintiff from receiving funds she is entitled to receive." (Count III, Doc. 1-2, ¶¶25, 26). In Plaintiff's response to the motion to dismiss, she states that "State Farm finally responded in writing on January 27, 2026, some 69 days after first notice, with its position that it would front the liability policy limits to preclude a settlement" and further notes that this was the same day State Farm "was served with this bad faith claim." (Doc. 8, PageID.180). Plaintiff attached the letter from State Farm, dated January 27, 2026, which included a payment of $25,000 and stated that the payment represents the tortfeasor's policy limits and that State Farm was electing not to waive its subrogation rights against the tortfeasor, to her response. (Doc. 8-1).[2]

[2] State Farm argues in its Reply that this letter cannot be considered as part of the motion to dismiss. (*See* Doc. 10, PageID.187). However, the letter is central to Plaintiff's claims that State Farm failed to respond in a reasonable time and prevented her from receiving funds she claimed she was owed. Therefore, the Court takes notice of the letter establishing the date of payment and that payment was made, because those points are central to Plaintiff's claims and the letter's authenticity is not challenged. *See SFM Holdings, Ltd.,* 600 F.3d at 1337.

In *National Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179 (Ala. 1982), the Alabama Supreme Court established the elements of a claim for bad faith in the context of insurance, defining that tort in terms of an insurer's denial of a claim for benefits:

> An insurer is liable for its ***refusal to pay a direct claim*** when there is no lawful basis for the refusal coupled with actual knowledge of that fact. *Chavers v. National Security Fire & Cas. Co.*, Ala., 405 So. 2d 1 (1981). No lawful basis "means that the insurer lacks a legitimate or arguable reason ***for failing to pay the claim***." *Gulf Atlantic Life Ins. Co. v. Barnes, Ala.*, 405 So.2d 916 (1981). When a claim is "fairly debatable," the insurer is entitled to debate it, whether the debate concerns a matter of fact or law. *Ibid*.
>
> Under those authorities the plaintiff in a "bad faith refusal" case has the burden of proving:
>
> (a) an insurance contract between the parties and a breach thereof by the defendant;
>
> (b) an intentional ***refusal to pay the insured's claim***;
>
> (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
>
> (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
>
> (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to ***refuse to pay the claim***.
>
> In short, plaintiff must go beyond a mere showing of ***nonpayment*** and prove a bad faith nonpayment, a nonpayment without any reasonable ground for dispute. Or, stated differently, the plaintiff must show that the insurance company had no legal or factual defense to the insurance claim.

*Id*. at 183 (emphasis in bold added). Based on these elements, the undersigned finds that Plaintiff has not stated a viable bad faith claim, as there was no bad faith refusal to pay here, only a delay of 39 days beyond what is considered "reasonable" in Alabama for a response by a UIM insurer to its insured's request to settle.

As noted above, once State Farm's response was delayed beyond a reasonable time, Plaintiff was entitled to agree to the settlement without forfeiting her UIM benefits, and State Farm would have forfeited its right to subrogation against the tortfeasor or the tortfeasor's insurer. *See Lambert,* 576 So.2d at 168-69. Further, in the event of any uncertainty as to whether the UIM insurer, by its conduct, has waived its rights to subrogation, the insured may, before accepting the settlement offer and releasing the tortfeasor, seek an order finding that the insurer has waived its right to object to the settlement and compelling the UIM insurance carrier to consent to the settlement. *See Turner v. State Farm Mut. Auto. Ins. Co*., 310 So.3d 354, 363 (Ala. 2020) (citing *United States Svs. Auto. Ass'n v. Allen*, 519 So.2d 506 (Ala. 1988)). Thus, Plaintiff had multiple remedies to address the reasonableness of any delay by State Farm in responding to her request to settle with the tortfeasor. Plaintiff has not demonstrated that the facts she has alleged fall within the elements of a claim for bad faith.

## IV. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's claim of bad faith (Count III) be **GRANTED** and that Count III of Plaintiff's First Amended Complaint be **DISMISSED without prejudice**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule

3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 3rd day of August, 2026.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**